(Opinion published 52 N. W. Rep. 925.)

---

## CALVIN WILCOX *vs.* SAMUEL N. ARBUCKLE.

Submitted on briefs June 16, 1892. Decided July 15, 1892.

**Evidence Sufficient.**

Evidence *held* sufficient to support the verdict, the result depending upon the credibility of witnesses.

Appeal by defendant, Samuel N. Arbuckle, from an order of the District Court of Le Sueur County, *Severance,* J., made August 18, 1891, refusing a new trial, and from a judgment entered August 24, 1891.

This action was brought by the plaintiff, Calvin Wilcox, against the defendant, Samuel N. Arbuckle, to recover damages for the burning of a vacant house owned by Wilcox which he alleged Arbuckle set on fire. Wilcox lived in a house about one hundred and twenty rods north, and Arbuckle in a house about one hundred and ninety rods east, of the burned house. The fire occurred about eight o'clock on the evening of January 8, 1890. There was no direct testimony connecting defendant with the burning of the house, but there was evi-

dence that the fire was set by somebody; that plaintiff and defend-
ant had not been on friendly terms for many years, and that Ar-
buckle had made threats to get even with plaintiff.	King, a detective,
and one Henry, testified to conversations with Arbuckle after the fire,
in which he is claimed to have said, among other things, that, "if
there had been any chance for Wilcox getting his insurance, the
house would not have burned."	"I have a son who is a detective,—
smart fellow.	He knows who burned that house.	He would not
tell anybody;" and that he and Wilcox had been enemies for a good
many years, but that he was "pretty near even with the old skunk."
Arbuckle denied having made these statements, and swore that he
was at home in bed at the time the fire started; that he saw the
blaze and heard the alarm, dressed and went to the burning house
with some of his neighbors.	The plaintiff had a verdict for $500.
The defendant moved for a new trial on the grounds that the verdict
was not sustained by the evidence and was contrary to law, and on
the ground of misconduct of a juror.	This last ground was based on
affidavits that Perkins, a juror, was so deaf at the time of the trial
that he could not hear the evidence or the charge of the judge.
Counter affidavits on this point, were presented.	The motion was
denied August 18, 1891, and on August 24, 1891, judgment was en-
tered on the verdict.	Defendant appealed both from the judgment
and from the order refusing a new trial.

*A. A. Stone* and *A. R. Pfau*, for appellant.

*E. St. Julien & W. S. Cox*, for respondent.

DICKINSON, J.	In January, 1890, an unoccupied dwelling house
owned by Calvin Wilcox, and situate in the country, a considerable
distance from other buildings, was destroyed by fire.	Wilcox prose-
cuted this action to recover damages for the loss, alleging that the
defendant willfully set the fire.	A verdict was rendered against the
defendant, which the district court refused to set aside.	On this ap-
peal two questions are presented.

1. The evidence tending to show that the defendant set the fire
was not of the most satisfactory nature, but whether it should prevail
over the testimony of the defendant to the contrary depended chiefly

upon the credibility of witnesses. If the witnesses King and Henry are to be believed, the defendant made a statement of the matter which may well have been regarded by the jury as an admission that he set the fire. It was reasonably apparent that the fire was willfully set by some person; and there was evidence tending to show some degree of unkindly feeling between the parties, and that the defendant was so situated that he could have committed the act charged against him. The circumstances do not seem to cast a suspicion of guilt upon any other person. The case was for the jury, and the record shows no sufficient reason which should induce this court to set aside the verdict.

2. Upon the application for a new trial the defendant sought to show that one of the jurors was disqualified by reason of deafness. Concerning this, it is enough to say that the proof bearing upon the alleged disqualification was such that the conclusion of the trial court against the defendant as to the fact alleged must be accepted as final.

Order and judgment affirmed.